# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cr-137-Orl-28GJK**

**ANTONIO JONES,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

　　　This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　**MOTION TO COMPEL GOVERNMENT TO FILE A RULE 35(b) MOTION (Doc. No.140)**
>
> **FILED:**　　September 21, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

　　　On September 21, 2015, Antonio Jones (the "Defendant") filed a Motion to Compel Government To File A Rule 35(b) Motion (the "Motion") against the United States of America (the "Government") requesting an order compelling the Government to file a Rule 35(b), Federal Rules of Criminal Procedure, motion which will seek a reduction in Defendant's criminal sentence for having provided the Government with substantial assistance. Doc. No. 140. In the Motion, Defendant states his plea agreement required him to provide substantial assistance to the Government and, if he did so, required the Government to file a motion under Rule 35(b) for a reduction in

Defendant's sentence. Doc. No. 140 at 1-2. Defendant maintains that he provided unspecified substantial assistance, but the Government has failed to seek a reduction in his sentence because Defendant is an African-American. Doc. No. 140 at 2. Accordingly, Defendant requests that the Court order the Government to file a Rule 35(b) motion. *Id*.

On September 30, 2015, the Government filed a Response in Opposition to the Motion (the "Response"). Doc. No. 145. In the Response, the Government maintains that the Defendant entered a guilty plea on March 24, 2011 (Doc. No.79), and, on August 4, 2011, the Government filed a motion to recognize Defendant's substantial assistance and to reduce his sentence (Doc. Nos. 94-95). Doc. No. 145 at 1. On August 10, 2011, the Court granted the Government's motion to recognize Defendant's substantial sentence. *See* Doc. Nos. 96-97. Thus, the Government implicitly argues that the Motion should be denied because the Government has already sought and Defendant has received a reduction in sentence based upon his plea agreement and substantial assistance. Doc. No. 145 at 1-4. The Government also contends that the district court does not have jurisdiction to review the Government's decision not to file a Rule 35(b) motion absent clear error. Doc. No. 145 at 2.

Having carefully considered the Motion and the Response, the undersigned finds that it should be denied for two primary reasons. First, the Motion should be denied because the Government has already sought and the Defendant has received a reduction in his sentence based upon the substantial assistance bargained for in the plea agreement. *See* Doc. Nos. 79, 94-97, 145. Defendant has not alleged any other specific additional substantial assistance that he has provided the Government. Doc. No. 140 at 1-3. Thus, Defendant has not demonstrated any factual basis for the relief requested.

Second, unless the Defendant makes a <u>substantial showing</u> that the Government had an unconstitutional or discriminatory motive for refusing to file the motion, the Court should not review the Government's decision not file a motion for sentence reduction. *See Wade v. United States*, 504 U.S. 181, 184-86 (1992). In *Wade,* 504 U.S. at 185-86, the United States Supreme Court held:

> [W]e hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy <u>if they find that the refusal was based on an unconstitutional motive</u>. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial assistance motion, say, because of the defendant's race or religion. <u>It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive</u>.

*Id*. (emphasis added). In *United States v. Gilmore*, 149 F. App'x 883, 886-87 (11th Cir. 2005), the Eleventh Circuit held that "a district court may not review the government's refusal to file a substantial assistance motion unless a defendant makes a substantial showing that the government was acting with an unconstitutional motive." *Id*.[1]

In this case, Defendant argues that the Goverment failed to file a motion to reduce Defendant's sentence because Defendant is an African-American, which qualifies as an improper discriminatory motive. Doc. No. 140 at 2. However, Defendant has only made conclusory allegations of an improper discriminatory motive. Doc. No. 140 at 2. Thus, on this record, which includes the Government's prior filing of a substantial assistance motion (*see* Doc. Nos. 94-95), the undersigned finds that the

---

[1] Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

Defendant has failed to make a substantial showing of a discriminatory or improper motive on the part of the Government. Based on the forgoing, the undersigned **RECOMMENDS** that the Motion (Doc. No. 140) be **DENIED**.

A party failing to file written objection to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

Respectfully recommended in Orlando, Florida on October 5, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy