UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 6:10-cr-137-Orl-28GJK

ANTONIO JONES

## ORDER

Defendant Antonio Jones's Motion for Reduction in Sentence Pursaunt [sic] to 18 U.S.C. § 3582(c)(1)(A)(i), and the First Step Act (Doc. 245) is before the Court for consideration. The Government filed a response opposing the requested relief.[1] (Doc. 250). Because Defendant failed to exhaust his administrative remedies following denial of relief by the Warden, his motion must be denied.

Defendant pled guilty to conspiracy to possess with intent to distribute cocaine base and two counts of using or carrying a firearm in furtherance of a drug trafficking offense. (Doc. 75; 97). The mandatory minimum sentence for these offenses was 444 months imprisonment, (Doc. 75), but a downward departure for substantial assistance resulted in a 302-month sentence, imposed on August 10, 2011, (Docs. 96; 97). Defendant is now thirty years old with a projected release date of December 13, 2032. (Doc. 250). He seeks compassionate release on various grounds, including COVID-19 health concerns, a need to care for his mother, and a change in the law that reduced the mandatory minimum applied in his case.

---

[1] Jones also filed a Reply (Doc. 255).

However, the authority of a district court to modify a sentence is narrowly limited by 18 U.S.C. § 3582(c). *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Warden denied Defendant's compassionate release request within thirty days of receipt. (Doc. 245-3 at 2–3). Although the Warden's denial notified Defendant that he could appeal through the Administrative Remedy Program, there is no evidence that Defendant appealed the Warden's denial, and thus Defendant has not exhausted his administrative remedies. *See United States v. Wojt*, No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020) ("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies.").

The Government takes the opposite position—that Defendant has exhausted his administrative remedies because more than 30 days have passed since the Warden's receipt of Defendant's request. (Doc. 250 at 11). The Court must therefore consider whether the exhaustion issue is waived. The Eleventh Circuit has not yet considered whether the exhaustion of administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A) may be waived. The district courts are split on the issue. Many have concluded it cannot be waived, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020

WL 2512883, at *4 (M.D. Fla. May 15, 2020) (collecting cases), while others have concluded it can be waived, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at **2 (S.D.N.Y. April 13, 2020) (collecting cases). This Court agrees that exceptions cannot be read into statutory exhaustion requirements where Congress has provided otherwise such as set forth in 18 U.S.C. § 3582(c). *See, e.g., Ross v. Blake*, 136 S. Ct. 1850 (2016). Thus, the Court concludes that the exhaustion of administrative remedies in 18 U.S.C. § 3582(c) cannot be waived.

The failure to exhaust administrative remedies within the Bureau of Prisons is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, Defendant's Motion for Reduction in Sentence (Doc. 245) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Antonio Jones